## INSULAR DOCK COMPANY, Plff.,

### v.

## P. J. CARLIN CONSTRUCTION COMPANY, Dft.

---

San Juan, Equity, No. 955.

Injunction—Necessary Parties.

1. Where the defendant construction company, acting in pur-

Insular Dock Co. v. P. J. Carlin Constr. Co.

suance of a contract with the San Juan harbor board, is erecting a bulkhead alleged to infringe the plaintiff's property rights, a preliminary injunction may be granted against the construction company although the harbor board is not made a party to the suit.

Injunction—Proper Parties.

2. The court in its discretion may postpone the granting of a preliminary injunction against a contract alleged to violate property rights, until the party with whom the contract was made and who is responsible for the work has been notified and given an opportunity to appear.

Opinion filed May 6, 1915.

_____

*Mr. H. G. Molina* for the complainant.

*Mr. Chas. Hartzell* for the defendant.

HAMILTON, Judge, delivered the following opinion:

The matter comes up upon the return of the defendant to the rule to show cause issued by the court as to preliminary injunction on the application of the complainant. The return seems to admit the fact of building the wall in question across the slip, but defendant apparently says that it is not contemplated at present to build it across where the dock building stands. It suggests that the defendant is doing this work under a contract with what is called the "harbor board," and this seems from the discussion to be one which is created by an act of the Porto Rican legislature of 1912, with two or three objects in view, one of which is to establish a new harbor line, which is reported to the Executive Council and adopted by it, and another is to carry out the actual construction of the bulkhead along this harbor line

Insular Dock Co. v. P. J. Carlin Constr. Co.

The bill alleges that the construction of this bulkhead has now reached the danger point as far as the complainant is concerned, and asks an injunction. The complainant says that it or its predecessor in interest received two concessions or franchises in connection with this dock, one from the insular government through the Executive Council to build from the fast land to the edge of the shore or wherever the right of the insular government ends, and the other to carry the same improvement to deep water granted by the Secretary of War, under rights arising from congressional legislation. Both of those franchises were in 1906, and under them the complainant says that it has constructed a valuable dock building and piers, and that it would be damaged in the amount of fifty to one hundred thousand dollars by carrying out the plans contemplated. There two or three questions which arise in the case so far.

1. In the first place, this is not a matter of demurrer or motion in the nature of a demurrer. It is an application for a preliminary injunction, and is governed by somewhat different rules from a demurrer. It is not a question of strict right one way or the other, that is to say, of legal right or title. It is a question for the court as to whether it considers all parties that should be before it, not for trial, but for the purpose of an injunction *pendente lite,* are before it. That would be a preliminary question which the court would have to decide.

2. In the second place, this of course goes without saying that whether a government can be sued or cannot be sued, not even the government is above the law. The government is designed to enforce the law, and, under the American system, there is some way, not necessarily any particular way, not necessarily the way that has been adopted, but some way in which any cit-

FEDERAL REPORTS. 27

Insular Dock Co. v. P. J. Carlin Constr. Co.

izen, or any foreigner for that matter, can be protected against the government, whether that government be Federal or insular or state or anything else. This is especially true when it is as to such matters as are threatened and have not been carried out. The only question is the proper method of getting at the remedy.

3. In the third place, the question comes up directly whether the right parties to be restrained are before the court. The defendant in this case is a corporation that is actually engaged in doing the work complained of. If the complainant has a right to the protection of property and this is shown prima facie by its bill, it does not make any difference what a person's name is or what his occupation is or what his character is. No one has a right to injure the property rights of somebody else. There is only this limitation. If a person is an employee, a laborer, or something of that sort, the court would hardly, except in an extreme case, enjoin or prohibit or proceed against the employee. It would get at the principal, whoever that may be, in the transaction, if he was within the jurisdiction. For instance, if it was the Secretary of War, just for example, not saying that that applies to this case, and he was beyond the process of this court, it might very well be that the process would run against whoever was acting for him. That is just by way of illustration. I am not saying that the Secretary of War should be a party in any sense of the word. The court will not proceed against a mere employee. It is claimed in this case that that is what the Carlin Construction Company is, that it is simply an employee of the governmental board called the harbor board, and that therefore the court will not go ahead without having the harbor board before it. As to the harbor board in a moment, but now as to the present defendant. It does not seem from the facts stated that

it is simply an employee. It is a contractor. It is not the same as the harbor board. It has rights against the harbor board. If the harbor board told it to stop this work, unless there is some express reservation in the contract, the defendant could tell the harbor board to go and attend to some other business and it would go on with its work. The harbor board would have no right to stop it in the proper performance of its contract. So that it cannot be said in any sense for the purposes of this case that the defendant is an employee of the harbor board. It is something distinct. It has its own rights, but it has not the harbor board's rights. So that the court cannot agree with that view of the position of the Carlin Construction Company.

It seems to the court that the only necessary defendant in this particular case is the contractor who is actually infringing on the rights of the complainant, whoever that may be, and on the showing made here it seems to be the P. J. Carlin Construction Company. That seems to be so, that is, the only necessary parties are before the court, but that is not all the case. It is shown to the court by argument and by the friendly intervention of the Attorney General of the Island—I am not saying whether it is *amicus curæ*, but friendly intervention will cover it—that public interests are concerned in connection with this governmental body called the harbor board, and it appears from the pleadings that it will have its public plans interfered with if this motion is granted in the present form.

It seems to the court that the harbor board, if that be a corporation, which seems to be the case at present, is a proper party defendant; not a necessary party, but a proper party. The remaining question would be, if that is so, how to get it before the court. Of course the complainant could amend and make the

harbor board a defendant. That is the right of the complainant in every case, and, in a proper case, the court could refuse to proceed until the complainant made an amendment and brought a defendant in the case, and thus in effect force the bringing in of another defendant. It does not seem that this is necessary at present; in fact, the court does not say whether it would be proper at all. The court will not assume that the harbor board will not come in and protect its contractor if notified, and will not assume that the public instrumentality is not going to protect the interests of the public, and so it will adopt this plan. It will instruct the clerk to notify the harbor board of the pendency of this proceeding, and furnish a copy of the bill of complaint, and adjourn the further hearing of this case until such time as you gentlemen may say is convenient. I could take it up Monday afternoon at 2 o'clock.